IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON

**CHRISTOPHER STEVENS**
6800 Farmington Road
Miamisburg, Ohio 45342

   Plaintiff,

vs.

**HIGH POWER TECHNICAL
SERVICES, INC.**
2230 Ampere Drive
Louisville, Kentucky 40299

   Defendant.

Case No. 3:20 CV 465

Judge _____

**COMPLAINT AND JURY DEMAND**

Now comes Plaintiff by his attorney and for his Complaint against Defendant High Power Technical Services, Inc. as follows:

### I. NATURE OF THE ACTION, PARTIES, JURISICTION AND VENUE

1. This is an action for overtime pay under 29 U.S.C. § 207(a)(1) and Ohio Revised Code Section 4111.03.

2. Plaintiff Christopher Stevens, is a resident of the State of Ohio by virtue of his residence located at 6800 Farmington Road, Miamisburg, Ohio 45342. At all times relevant and material hereto, Plaintiff was employed by High Power Technical Services, Inc.

3. Defendant High Power Technical Services, Inc. is a Kentucky corporation and a contractor specializing in the installation of satellite communications. At all times relevant and material hereto, Defendant was Plaintiff's employer.

4. Venue in this Court is proper because Defendant High Power Technical Services, Inc. conducted business in the City of Dayton and State of Ohio.

5. Jurisdiction in this Court is proper because this Court has jurisdiction over claims for non-payment of overtime hours worked.

## II. BACKGROUND OF THE DISPUTE

6. Plaintiff restates the allegations of paragraphs 1-5 as if fully rewritten herein.

7. Plaintiff began his employment with Defendant on or about June 20, 2018. Plaintiff was initially employed as a technician for Digital Dish who was bought out by Defendant.

8. Plaintiff installed Dish TV satellites.

9. Plaintiff was paid hourly and received overtime.

10. In October 2018, Plaintiff became a warehouse manager for Defendant and was paid hourly.

11. In April 2019, Defendant switched his pay status from hourly to salary, but Plaintiff's job duties did not change.

12. Plaintiff was advised that Defendant could no longer afford to pay him overtime, so his pay status was changed to salaried.

13. Plaintiff did not have the ability to make hiring or firing decisions, nor did he possess a college degree.

14. Plaintiff routinely worked over 50 hours per week.

15.  Even though Defendant changed Plaintiff's pay status to salary, Plaintiff was required to clock in and out every day.

16.  In November 2019, Plaintiff became a Field Services Manager.

17.  From November 2019 through April 2019, Plaintiff routinely worked over 60 hours per week.

18.  Plaintiff was still required to clock in and out every day.

19.  Plaintiff could make recommendations on hiring, but did not have the ultimate ability to hire and could not terminate any employees.

20.  In April 2020, Defendant terminated Plaintiff.

### III.  CAUSES OF ACTION

#### A.  OVERTIME
(29 U.S.C. § 207(a)(1))

21.  Plaintiff restates the allegations of paragraphs 1-20 as if fully rewritten herein.

22.  The FLSA requires that employees receive overtime compensation for hours worked in excess of 40 per week. 29 U.S.C. § 207(a)(1).

23.  From April 2019 to April 2020, Plaintiff worked in a non-exempt position was therefore not exempt from receiving overtime payments.

24.  From April 2019 to April 2020, Plaintiff was not issued any payments for hours worked over 40 in a workweek for Defendant.

25.  Defendant was aware that Plaintiff was working significantly more than 40 hours per work week, but were not receiving proper overtime compensation for hours worked in excess of 40 per week.

26.  Defendant knew or should have known that they were required to provide Plaintiff with premium payments for hours worked over 40 per workweek.

27. The exact total amount of compensation, including overtime compensation, that Defendant have failed to pay Plaintiff is unknown at this time, as many of the records necessary to make precise calculations are in possession of Defendant.

28. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest, and attorney fees and all other remedies available under the FLSA.

### B. FAILURE TO PAY OVERTIME
### OHIO REVISED CODE SECTION 4111.03

29. Plaintiff restates the allegations of paragraphs 1-28 as if fully rewritten herein.

30. Plaintiff routinely worked in excess of forty hours per week for Defendant.

31. Plaintiff was a non-exempt employee.

32. Defendant failed to pay Plaintiff for overtime at a wage rate of one and one-half times his wage rate for hours worked in excess of forty hours in any one work week as mandated by Section 4111.03 Ohio Revised Code.

33. The exact total amount of compensation, including overtime compensation, that Defendant have failed to pay Plaintiff is unknown at this time, as many of the records necessary to make precise calculations are in possession of Defendant.

34. Defendant's failure to pay overtime was willful and intentional.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest, and attorney fees and all other remedies available under Section 4113 of the Ohio Revised Code.

### VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff is entitled to and prays for the following relief:

A. An award to Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with liquidated damages allowed by the FLSA;

B. An award to Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with liquidated damages allowed by Ohio law;

C. Pre and post judgment interest; and

D. Any and all other relief this Court deems just and equitable.

                                   Respectfully submitted,

                                   DUWEL LAW

                                 **/s/ David M. Duwel**
                                 DAVID M. DUWEL (0029583)
                                 130 West Second Street, Ste 2101
                                 Dayton, Ohio 45402
                                 PH:   (937) 297-1154
                                 FAX:  (937) 297-1152

                                 ATTORNEY FOR PLAINTIFF